I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY Petitioner
FIRST CLASS MAIL POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED:____2·4·13____

DEPUTY CLERK



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

FEB - 4 2013

CENTRAL DISTRICT OF CALIFORNIA
BY_____DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

ANTON JAMEL COLLINS,

           Petitioner,

        vs.

ANTHONY HEDGPETH, Warden,

           Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. EDCV 10-1131-AG (JPR)

ORDER ACCEPTING FINDINGS AND
RECOMMENDATIONS OF U.S.
MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636, the Court has reviewed de novo the Petition, records on file, and Report and Recommendation of the U.S. Magistrate Judge.  On July 26, 2012, Petitioner filed what he styled as "Response to Respondent's Motion to Dismiss Writ of Habeas Corpus" but which the Magistrate Judge construed as his objections to her Report and Recommendation.  In that pleading, Petitioner argued for the first time that he was entitled to equitable tolling, for two reasons: (1) someone misinformed him about his filing deadlines and (2) his institution was on periodic lockdowns during the AEDPA limitation period and he therefore could not access the prison law library as much as he needed.  Petitioner attached a declaration to his pleading providing a bit of information concerning the lockdowns; he stated that a "declaration Attachment" provided support for

1 | his first argument.  (July 26, 2012 Resp. at 2.)

2 | On August 9, 2012, the Magistrate Judge issued a minute
3 | order noting that Petitioner's declaration did not itself include
4 | any information about having been misinformed about filing
5 | deadlines and that nothing had been attached to the declaration.
6 | Accordingly, the Magistrate Judge gave Petitioner 14 days to file
7 | with the Court whatever attachment he had referred to, and
8 | Respondent a few weeks after that to file a supplemental brief
9 | addressing Petitioner's equitable tolling arguments.  On August
10 | 22, 2012, Petitioner filed a "Request for Extension to File Reply
11 | to Respondent's Answer to Habeas Petition," claiming that he had
12 | no access to the law library.  The Magistrate Judge denied the
13 | Request both because no reply was then due and because, to the
14 | extent Petitioner sought an extension of time to file his
15 | declaration attachment, he did not need access to the law
16 | library.  On September 5, 2012, Respondent filed a "Response to
17 | Petitioner's Objections to the Report and Recommendation."

18 | Petitioner is not entitled to equitable tolling in regard to
19 | the two claims he seeks to amend into his Petition, both of which
20 | concern events Petitioner has been aware of since before his
21 | conviction became final.  As to Petitioner's first reason why he
22 | deserves tolling, he has never explained who allegedly
23 | misinformed him of his filing deadlines or what exactly they
24 | said.  He has provided no support for the argument, not even his
25 | own declaration.[1]  Accordingly, that reason cannot justify

26 |

27 | [1]Respondent seems to imply that the Magistrate Judge
28 | mistakenly believed that Petitioner had said he had attached a
declaration to his objections to the Report and Recommendation
but in fact did not.  (Sept. 5, 2012 Resp. at 2.)  What the

1  equitable tolling.  See also Rasberry v. Garcia, 448 F.3d 1150,
2  1154 (9th Cir. 2006) (holding that equitable tolling not
3  appropriate simply because petitioner is ignorant of the law).
4  Petitioner also does not deserve tolling because of the periodic
5  lockdowns his prison endured from March 2008 to December 2010.
6  Petitioner has provided no information concerning when those
7  lockdowns took place or for how long they lasted.  Moreover, as
8  Respondent points out, during that time period Petitioner was
9  able to file a pro se brief in the California Court of Appeal, on
10  July 7, 2008 (Lodged Doc. 6); a habeas petition in the California
11  Supreme Court, on August 13, 2008 (Lodged Doc. 9); and his
12  federal Petition, on July 22, 2010.  Clearly, then, he had some
13  access to the law library and could have more timely pursued the
14  two claims he now seeks to add to the Petition.  See Roberts v.
15  Marshall, 627 F.3d 768, 773 (9th Cir. 2010) (affirming district
16  court's rejection of equitable tolling argument based on mental
17  incompetency because inmate managed to file several petitions for
18  post-conviction relief in state court, alleging same arguments as
19  in federal petition, during federal limitation period), cert.
20  denied 132 S. Ct. 286 (2011); Ramirez v. Yates, 571 F.3d 993, 998
21  (9th Cir. 2009) (rejecting equitable tolling argument because
22  inmate was able to file lengthy and well-researched motion in
23  federal court and successful discovery motion in state supreme
24  court during time he claimed he was unable to prepare federal
25
26  _____
   Magistrate Judge actually noted, correctly, was that Petitioner
27  alluded to an attachment to his declaration but in fact nothing
   was attached to the declaration.  The declaration itself contains
28  no information concerning someone misstating filing deadlines.
   It refers only to the prison lockdowns.

1  petition).

2      Having made a de novo determination of those portions of the

3  Report and Recommendation to which Petitioner has filed

4  objections, the Court accepts the findings and recommendations of

5  the Magistrate Judge.

6      IT THEREFORE IS ORDERED that (1) Petitioner's motion to

7  amend the Petition is DENIED and (2) Petitioner shall file a

8  Reply to the Answer within 30 days of this Order, addressing only

9  the claims in the original Petition.

10

11 DATED: February 2, 2013

       _____
       ANDREW GUILFORD
       U.S. DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28